**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SIRJAMES S. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 08-CV-0511-CVE-SAJ |
| | ) |
| STEVE MOLES, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On September 4, 2008, Plaintiff, a prisoner appearing *pro se*, submitted a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). By Order filed September 9, 2008 (Dkt. # 3), the Court directed Plaintiff to either pay the full $350 filing fee or file an amended motion to proceed *in forma pauperis* on or before October 9, 2008. Plaintiff was also advised that his complaint was subject to dismissal for failure to state a claim upon which relief may be granted. However, he was provided an opportunity to file an amended complaint to cure deficiencies in his complaint. On September 24, 2008, Plaintiff filed an amended complaint (Dkt. # 4) and an amended motion to proceed *in forma pauperis* (Dkt. # 5). For the reasons discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis*, as amended, should be granted. The amended complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Motion to proceed *in forma pauperis*

After reviewing Plaintiff's amended motion to proceed *in forma pauperis*, the Court finds that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee required to commence this action. Accordingly, Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion for leave to proceed *in forma pauperis* shall be granted. However,

pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay an initial partial filing fee of **$61.03** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the period immediately preceding the filing of the complaint. 28 U.S.C. §1915(b). After payment of the initial partial filing fee, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison accounts until he has paid the total filing fee of $350. 28 U.S.C. § 1915(b)(2). The trust fund officer or other appropriate prison official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison accounts shall be forwarded to the clerk of court each time the balance in the accounts exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to prison officials at Dick Conner Correctional Center.

**Background**

In his amended complaint (Dkt. # 4), Plaintiff identifies one defendant, Steve Moles, an employee at Dick Conner Correctional Center ("DCCC"). In the "Nature of Case" section of the amended complaint, Plaintiff writes: "First Amendment to send and receive mail." (Id.) He asserts one (1) claim, as follows:

> Count I:   The right to be indergent [sic] and to mail out free mail.
> Steve Moles refuse to let me mail out free mail and to receive indergent [sic] supply's [sic].

(Dkt. # 4). Plaintiff supplies no additional facts in support of his claim. As his request for relief, Plaintiff asks for "one million dollars pain suffering and no end in site [sic] of harassment." (Id.)

**Analysis**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1),(2). Furthermore, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.

1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). *Pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.  Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's *pro se* amended complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that, as discussed in more detail below, Plaintiff's claim brought pursuant to 42 U.S.C. § 1983 fails to state a claim upon which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the amended complaint should be dismissed. Furthermore, because Plaintiff has already been afforded an opportunity to file an amended complaint to cure deficiencies, the Court finds it would be futile to allow another opportunity to amend. This action should be dismissed with prejudice.

As explained in the prior Order (Dkt. # 3), the Court is unaware of any portion of the Constitution providing for a right to be indigent.[1]  Inmates do, however, have a First Amendment right both to send and receive mail. See Wardell v. Duncan, 470 F.3d 954 (10th Cir. 2006); Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999). Nonetheless, a prisoner's First Amendment rights are subject to certain limitations if the limitations "are reasonably related to legitimate penological interest and are not an exaggerated response to those concerns." Beard v. Banks, 548 U.S. 521, 528

---

[1] The Court is unable to discern the bases of Plaintiff's claim given the paucity of his factual averments. Plaintiff may be complaining that he has been denied indigent status under Oklahoma Department of Corrections policies.

4

(2006); Turner v. Safley, 482 U.S. 78 (1987). For example, the First Amendment does not preclude prison officials from examining mail to ensure that it does not contain contraband, Wolff v. McDonnell, 418 U.S. 539, 576 (1974); Rowe, 196 F.3d at 782. Furthermore, "isolated incidents of interference with legal mail," with no evidence of improper motive, may not state a constitutional violation. See Bruscino v. Carlson, 654 F.Supp. 609, 618 (S.D. Ill. 1987); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

In this case, despite being afforded the opportunity file an amended complaint, Plaintiff has failed to provide a sufficient statement of facts in support of his claim. He simply complains that Defendant Moles has refused "to let me mail out free mail and to receive indergent [sic] supply's [sic]." He provides no information concerning any negative or prejudicial consequences of being deprived of "free" mail. Furthermore, he makes no allegation of improper motive by Defendant Moles.

Significantly, and as explained in the prior Order (Dkt. # 3), even if the incidents complained of by Plaintiff rise to the level of a constitutional violation, he is not entitled to the relief he seeks. Plaintiff requests "one million dollars pain suffering." See Dkt. # 5. Plaintiff's request for relief is precluded by the Prison Litigation Reform Act ("PLRA"). The PLRA specifically prohibits recovery for "mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001); Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001). Plaintiff has not alleged that he has suffered physical injury as a result of Defendant Moles' actions or inactions. The Court concludes as a matter of law that Plaintiff is not entitled to money damages for "pain suffering" as he has failed

to allege physical injury. Therefore, under § 1997e(e), he is barred from recovering damages for "pain suffering" resulting from the actions complained of in his complaint.

Plaintiff has failed to allege facts sufficient to withstand the screening process. As a result, this 42 U.S.C. § 1983 action shall be dismissed for failure to state a claim upon which relief may be granted. In addition, because Plaintiff failed to cure deficiencies despite being afforded an opportunity to amend his complaint, the Court finds it would be futile to allow further amendment. The dismissal shall be with prejudice.

As a final matter, because Plaintiff has been granted leave to proceed *in forma pauperis* and his amended complaint fails to state a claim upon which relief may be granted resulting in dismissal under 28 U.S.C. § 1915(e)(2)(B), this dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2), as amended (Dkt. # 5), is **granted**. Plaintiff is responsible for payment of the **$350** filing fee in monthly installments. Plaintiff shall make an initial partial payment of **$61.03**.

2. After submitting the initial partial payment, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his accounts. Prison officials having custody

      of Plaintiff shall forward payments from Plaintiff's accounts to the Clerk at the address cited herein each time the amount in the accounts exceeds $10 until the filing fee is paid.

3. The amended complaint (Dkt. # 4) is **dismissed with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

4. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

5. The Clerk shall send a copy of this Order to prison officials at Dick Conner Correctional Center, Hominy, Oklahoma.

**DATED** this 22nd day of October, 2008.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT